IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 13 2026

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| CURTIS WALTER, Pro-Se | § § § § § § § § § § § § § § § § § § § § § § § § § § | CASE NO.# **4:26cv1593** |
| Plaintiff, | | JURY TRIAL DEMANDED |
| Vs. | | 1. Recovery of Benefits – 29 U.S.C. §1132(a)(1)(B)) |
| CANDACE MINIEL, et al., in their official capacity and/or in their individual capacity, | | 2. Breach of Fiduciary Duty – 29 U.S.C.§§1104(a)(1)(D), 1132(a)(3)) |
| MARITIME ASSOCIATION–I.L.A. RETIREMENT PLAN, et al., in their official capacity and/or in their individual capacity, | | 3. Failure to Provide Full and Fair Review, 29 C.F.R. §2560.503-1 |
| BOARD OF TRUSTEES OF THE MARITME ASSOCIATION – I.L.A. RETIREMENT PLAN, et al., in their official capacity and/or in their individual capacity, | | 4. Procedural Violations – 29 U.S.C. §1132(c) |
| DOE 1-10000, et al., in their official capacity and/or in their individual capacity, | | 5. Wrongful Delay of Distribution Following Separation from Service - 29U.S.C.§ 1132(a)(l)(B) and §1132(a)(3)) |
| Defendants, | | |

Page **1** of 14

# ORIGINAL AMENDED COMPLAINT FOR RECOVERY OF BENEFITS, BREACH OF FIDUCIARY DUTY, FAILURE TO PROVIDE PLAN DOCUMENTS, AND EQUITABLE RELIEF UNDER ERISA

Plaintiff Curtis Walter ("Plaintiff"), appearing pro-se, complains of Defendants and alleges as follows:

## I. NATURE OF THE ACTION

1. This action is brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., to recover retirement benefits owed to Plaintiff under the terms of the Maritime Association–ILA Retirement Plan.

2. Plaintiff is a participant in the Plan and earned vested retirement benefits through years of covered employment.

3. Despite Plaintiff's entitlement to those benefits.

4. Defendants have wrongfully withheld and delayed distribution of Plaintiff's retirement funds for approximately fourteen years.

5. As a result of Defendants' actions, Plaintiff has been deprived of retirement income and suffered significant financial hardship, including the loss of property and damage to Plaintiff's financial stability.

6. Through this action, Plaintiff seeks recovery of all benefits owed under the Plan.

7. Together with interest, equitable relief, statutory penalties, and such other relief as the Court deems appropriate.

## II. JURISDICTION AND VENUE

8. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the claims arise under federal law, and pursuant to ERISA's civil enforcement provisions. The amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) because the Plan is administered in this district and the alleged breach took place in this district.

## III. PARTIES

11. Plaintiff Curtis Walter is an individual residing in Houston, Texas, and is a participant and beneficiary in the Plan within the meaning of BRISA, 29 U.S.C. §1002(7) and (8).

12. At all times relevant to the subject matter of this Complaint, upon information and belief, Defendant Maritime Association-1.L.A. Retirement Plan (the "Plan"), et al., in their official capacity and/or in their individual capacity, is an employee pension benefit plan and individual account defined contribution plan within the meaning of BRISA, 29 U.S.C. §§ 1002(2)(A) and 1002(34), established pursuant to collective bargaining agreements and administered by its Board of Trustees. The Plan maintains individual participant accounts and is subject to BRISA's fiduciary and administrative requirements.

13. At all times relevant to the subject matter of this Complaint, upon information and belief, Defendant Candace Miniel, et al., in their official capacity and in their individual capacity,

inclusive, are now, and at all relevant times is a professional staff member that's employed by the Board of Trustees of the Maritime Association-LL.A. Retirement Plan whom conducts the Day-to-day administration of the Plan as the Plan Administrator and a fiduciary within the meaning of 29 U.S.C. §1002(2l)(A).

14. At all times relevant to the subject matter of this Complaint, Defendant Board of Trustees of the Maritime Association-LL.A. Retirement Plan et al., ,in their official capacity and/or in their individual capacity, is the Plan Administrator and fiduciary within the meaning of ERISA, 29 U.S.C. §§1002(16) and 1002(21).

15. At all times relevant to the subject matter of this Complaint, upon information and belief, Defendants Does 1-10000, et al., in their official capacity and/ or in their individual capacity, inclusive, are now, and at all relevant times are persons and/ or entities who participated in the ERISA violations and their exact identities are presently unknown but who exercised discretionary authority over Plan administration.

16. At all times relevant to the subject matter of this Complaint, upon information and belief, the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of Defendants Does 1-10000, et al., in their official capacity and/or in their individual capacity, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff. Plaintiff are informed and believe, and thereupon allege, that each of the Defendants designated herein as a "Doe" was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries

and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

17. At all times relevant to the subject matter of this Complaint, upon information and belief, all Defendants have individually and collectively done business and/or have been joint employers of the Plaintiff and similarly situated individuals.

18. At all times relevant to the subject matter of this Complaint, upon information and belief, all of the acts and failures to act alleged herein were duly performed by and were attributable to all Defendants, each acting as a administrator, successor, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein.

19. At all times relevant to the subject matter of this Complaint, whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and/or severally.

## IV. FACTUAL ALLEGATIONS

20. Plaintiff worked in covered employment from approximately 2006 through July 2025.

21. During his employment, employer contributions were made to Plaintiff's individual retirement account under the Plan.

22. Plaintiff earned and became fully vested in retirement benefits under the Plan.

23. The Summary Plan Description confirms the Plan is an individual account defined contribution plan funded through employer contributions to individual participant accounts.

24. Plan assets are held in trust and administered by the Board of Trustees.

25. The Plan utilizes Vanguard as its recordkeeper and custodian of individual participant accounts.

26. Plaintiff maintains a retirement account held in trust for his benefit.

27. Plaintiff separated from covered employment in July 2025.

28. Plaintiff has not returned to covered employment since separation.

29. Following separation, Plaintiff submitted a request for distribution of his vested retirement account balance.

30. Defendants refused to authorize distribution.

31. Defendants improperly asserted that Plaintiff must incur a break in service consisting of three consecutive years with less than 400 hours of credited service before becoming eligible for distribution.

32. Break-in-service provisions apply to vesting determinations and do not permit forfeiture, delay, or withholding of already vested retirement benefits.

33. Plaintiff is fully vested and possesses a nonforfeitable right to his retirement account balance pursuant to ERTSA, 29 U.S.C. §1053(a).

34. Defendants' refusal to authorize distribution constitutes a misapplication of Plan provisions.

35. Defendants improperly relied upon credited service hour requirements and break-in-service provisions that apply solely to vesting eligibility, not distribution of already vested defined contribution account balances."

36. Defendants' refusal interferes with Plaintiffs rights to receive vested benefits.

37. Plaintiff requested Plan documents.

38. Defendants failed and refused to provide requested Plan documents as required by ERISA.

39. Defendants exercised discretionary authority over Plan administration.

40. Defendants' conduct was arbitrary, capricious, and an abuse of discretion.

41. Defendants breached fiduciary duties owed to Plaintiff.

42. As a direct result of Defendants' refusal and delay in distributing Plaintiff's vested retirement benefits, Plaintiff suffered significant financial hardship. Plaintiff was unable to meet basic financial obligations, which resulted in the repossession of Plaintiff's vehicle, eviction from his residence, and the forfeiture of a loan that Plaintiff had secured in reliance on the anticipated receipt of his retirement benefits. These losses were foreseeable consequences of Defendants' continued withholding of benefits owed to Plaintiff under the Plan.

## V. FIRST CAUSE OF ACTION

*Recovery of Benefits Under ERISA*

(29 U.S.C.§1132(a)(l)(B))

43. Plaintiff incorporates all preceding paragraphs.

44. Plaintiff is entitled to benefits under the Plan.

45. Defendants wrongfully denied and withheld benefits.

46. Plaintiff is entitled to recover benefits due and enforce his rights.

## VI. SECOND CAUSE OF ACTION

*Breach of Fiduciary Duty*

(29 U.S.C. §§1104 and JJ32(a)(3))

47. Plaintiff incorporates all preceding paragraphs.

48. Defendants are fiduciaries under ERISA.

49. Defendants breached fiduciary duties owed to Plaintiff.

50. Plaintiff is entitled to equitable relief.

## VII. THIRD CAUSE OF ACTION

*Failure to Provide Plan Documents*

(29 U.S.C. §1132(c))

51. Plaintiff incorporates all preceding paragraphs.

52. Plaintiff requested Plan documents.

53. Defendants failed to provide documents.

54. Plaintiff is entitled to statutory penalties and relief.

## VIII. FOURTH CAUSE OF ACTION

*Abuse of Discretion, Arbitrary and Capricious*

*Denial of Benefits, and Misapplication of Plan Terms*

(29 USC. §§1132(a)(1)(B) and 1132(a)(3))

55. Plaintiff incorporates all preceding paragraphs.

56. Defendants exercised discretionary authority over Plan administration.

57. Plaintiff is fully vested.

58. Defendants refused distribution based on improper interpretation of break-in-service provisions.

59. Defendants misapplied Plan provisions.

60. Defendants' conduct was arbitrary and capricious.

61. Defendants abused their discretion.

62. Plaintiff is entitled to recovery of benefits and equitable relief.

## IX. FIFTH CAUSE OF ACTION

*Wrongful Delay of Distribution Following Separation from Service*

(29 U.S.C. §1132(a)(1)(B) and §1132(a)(3))

63. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

64. Plaintiff separated from covered employment in or about July 2025.

65. Plaintiff is fully vested in his individual account defined contribution retirement benefits.

66. Upon separation from service, Plaintiff became eligible to receive distribution of his vested retirement account balance in accordance with the terms of the Plan and ERISA.

67. Defendants have refused and continue to refuse to authorize distribution of Plaintiffs vested retirement account balance.

68. ERISA requires that fiduciaries administer plans in accordance with the governing documents and solely in the interest of participants and beneficiaries pursuant to 29

U.S.C. § 1104(a)(1).

69. Defendants' refusal to authorize distribution following Plaintiff's separation from service constitutes an unlawful delay of benefits due and owing under the terms of the Plan.

70. The delay is unreasonable, arbitrary, and inconsistent with ERISA's requirement that vested benefits be nonforfeitable and properly administered.

71. Defendants' conduct constitutes a wrongful denial and delay of benefits under 29 U.S.C. §1132(a)(l)(B) and a breach of fiduciary duty remediable under 29 U.S.C. §1132(a)(3).

72. As a direct and proximate result of Defendants' wrongful delay, Plaintiff has suffered financial harm, loss of use of funds, and deprivation of access to his retirement assets.

73. Plaintiff is entitled to recovery of benefits, equitable relief, interest, and all other relief authorized by ERISA.

## X. EXHAUSTION OF ADMINISTRATIVE REMEDIES

74. Plaintiff has exhausted all administrative remedies required under the Plan and BRISA, or exhaustion should be deemed waived or futile.

75. Following his separation from covered employment in July 2025, Plaintiff submitted a request for distribution of his vested retirement account balance.

76. Defendants refused to authorize distribution.

77. Plaintiff requested clarification of the basis for denial and requested Plan documents relevant to his eligibility for distribution.

78. Defendants failed to provide adequate written notice setting forth specific reasons for denial, failed to reference specific Plan provisions supporting the denial, and failed to provide a full and fair review as required by ERISA §503, 29 U.S.C. §1133.

79. To the extent any additional internal appeal procedures existed, further exhaustion would have been futile because Defendants have taken the position that Plaintiff must incur a break in service before distribution, despite Plaintiff's fully vested status.

80. Accordingly, Plaintiff has satisfied, exhausted, or is excused from exhausting administrative remedies.

## XI. STATUTORY PENALTIES UNDER 29 U.S.C. §1132(c)

81. Plaintiff incorporates all preceding paragraphs.

82. Pursuant to ERISA §104(b)(4), 29 U.S.C. §1024(b)(4), the Plan Administrator is required to furnish, upon written request, copies of the Summary Plan Description, governing Plan documents, trust agreement, and other instruments under which the Plan is established or operated.

83. Plaintiff made written requests for Plan documents.

84. Defendants failed and refused to provide the requested documents within 30 days as required by ERISA.

85. Under ERISA §502(c)(I), 29 U.S.C. §1132(c)(I), the Court may impose a penalty of up to $110 per day from the date of failure to comply.

86. Defendants' failure to provide documents was without reasonable justification.

87. Plaintiff is entitled to statutory penalties calculated from the 31st day after his written request until the date documents are provided.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following relief:

A. Declare that Plaintiff is entitled to benefits under the terms of the Maritime Association–ILA Retirement Plan pursuant to ERISA §502(a)(1)(B).

B. Order Defendants to pay all retirement or pension benefits wrongfully withheld from Plaintiff, including any vested account balances and distributions owed.

C. Order a full and accurate recalculation of Plaintiff's credited service hours and benefit entitlement under the Plan.

D. Award Plaintiff pre-judgment and post-judgment interest on all benefits wrongfully withheld.

E. Award statutory penalties pursuant to ERISA §502(c)(1) for Defendants' failure to provide requested plan documents within the time required by law.

F. Award equitable monetary relief, including surcharge or restitution, for losses caused by Defendants' breach of fiduciary duties.

G. Award Plaintiff the costs of this action.\Grant such other and further relief as the Court deems just and proper.

H. Award equitable monetary relief, including surcharge or restitution, to compensate Plaintiff for financial losses caused by Defendants' wrongful withholding and delay of benefits, including but not limited to losses associated with vehicle repossession, eviction, and forfeiture of a loan resulting from Plaintiff's inability to access his vested retirement funds.

I. Plaintiff, reserves his right to amend this complaint.

## XIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Curtis C. Wolf*
Curtis Walter

## CERTIFICATE OF SERVICE:

I HEREBY CERTIFY that on March 13, 2026, the foregoing Recovery of Benefits, Breach of Fiduciary Duty, Failure to Provide Plan Documents, and Equitable Relief Under ERISA Original Complaint was hand delivered to the Clerk of the Court by the plaintiff.